SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA
-----------------------------------------------------------------X

ELIZABETH PRATICO

v. **SUMMONS + COMPLAINT**

GE VERNOVA

-----------------------------------------------------------------X

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The summons and complaint of the plaintiff, Elizabeth Pratico, respectfully shows and alleges as follows:

1. The plaintiff herein, Elizabeth Pratico, is a resident of the State of New York. Ms. Pratico resides at 4 Severn Street #101, Saratoga Springs, New York. Her mailing address is PO Box 293, Victory, NY 12884.
2. The defendant herein, General Electric (GE) Vernova, has a principal place of business at 1 River Road, Building 40 - 5th Floor, Schenectady, New York. Defendant is engaged in the business of manufacturing gas power products.
3. Plaintiff Pratico raised integrity concerns several times with her supervisor regarding fraudulent activity she observed the defendant partaking in over the course of her 31-year career at GE. According to the defendant's corporate policies, there is to be no retaliation taken against such actions by its employees.

4. Plaintiff's HR managers assigned by defendant were proposing a Separation Agreement and Release but the terms and conditions were discriminatory, especially given that plaintiff was a whistleblower.
5. Plaintiff's HR managers assigned by defendant were also proposing a Letter of Conditions for Continued Employment but the terms and conditions were discriminatory, especially given that plaintiff was a whistleblower.
6. On August 9, 2022, defendant's employee, plaintiff's manager, retaliated by terminating plaintiff at the GE plant in Schenectady at 1 River Road, Building 40 - 2nd Floor, Schenectady, New York.
7. According to Sarbanes-Oxley Act (SOX) 18 U.S.C. Section 1514A entitled, "Civil action to protect against retaliation in fraud cases," Part (a) entitled, "Whistleblower protection for employees of publicly traded companies," no such company "or any officer, employee, contractor, subcontractor, or agent of such company or nationally recognized statistical rating organization, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee- (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by--… (C) a

person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct)."

8. By wrongfully terminating plaintiff as a whistleblower, defendant violated the law.
9. On August 3, 2024, plaintiff was informed by a former colleague employed by defendant that its HR representative was forbidding plaintiff from being hired as a rehired pensioner and from being hired as a contractor for defendant. This directly opposes the terms of the proposed Separation Agreement & Release (not signed by plaintiff) that stated that such would not be true if plaintiff signed it, whereby Item 7 entitled, "Future Employment" states, "The Company [defendant] is not obligated to offer employment to the Employee [plaintiff] (or accept services or the performance of work from the Employee directly or indirectly) now or in the future. The Employee agrees never to knowingly seek employment with the Company or any of its subsidiaries or affiliated companies." Since the proposed Separation Agreement & Release was not executed, these options should be available to plaintiff and not forbidden by defendant. Such actions extend the statute of limitations of this Complaint from two years after retaliation by wrongful termination of whistleblower to two years from retaliation by forbidding employment of whistleblower as a contractor or rehired pensioner by defendant.
10. Due to the unlawful actions of defendant, plaintiff has endured pain and suffering and emotional distress after defendant's retaliatory action of wrongful termination of a whistleblower on 8/9/2022 and further by defendant's retaliatory action of forbidding employment of whistleblower as a contractor or as a rehired pensioner on 8/3/2024.

11. By reason of the facts and circumstances stated above, defendant has violated the civil rights of plaintiff.
12. By reason of the facts and circumstances stated above, plaintiff has been damaged by defendant and hereby requests judgment by the Court for appropriate penalties to defendant and monetary award to plaintiff along with the equal opportunity to be a potential rehired pensioner and a potential contractor.
13. Refer to attached affidavits and other relevant documents set forth in the exhibit list below.

<u>Affidavits</u>

A. Affidavit_Wrongful Termination_08_07_2024

B. Affidavit_Whistleblower_07_20_2024

C. Affidavit_Pain and Suffering_08_29_2024

D. Affidavit_Working for GE (1)_10_04_2022

E. Affidavit_Working for GE (2)_10_14_2022

F. Affidavit_Working for GE (3)_01_16_2023

G. Affidavit_Experience with my Direct Managers_06_08_2024

<u>Other relevant documents</u>

H. Termination Notice Email from Mary Julian (HR)_08_09_2022

I. Separation Agreement & Release [was not executed]_07_27_2022

J. Letter of Conditions for Continued Employment [was not executed]_07_27_2022

K. Re Liz Pratico Follow Up Email from Jordan Richardson (HR)_07_27_2022

L. RE EXT Request for reference for PE license Email from Einar Larsen_07_16_2024

WHEREFORE, plaintiff demands judgment against defendant to be determined by arbitration as agreed by employment terms, together with any other relief the Court finds to be just and proper.

Dated: August 29, 2024

___________________________________
Elizabeth Pratico [Printed]
Plaintiff

Residence:
4 Severn Street #101
Saratoga Springs, New York 12866

Mailing Address:
PO Box 293
Victory, New York 12884
518-588-7800