UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH PRATICO,<br><br>Plaintiff,<br><br>-against-<br><br>GE VERNOVA,<br><br>Defendant. | Civil Action No. 24-cv-01204-MAD-DJS |

**DEFENDANT STATEMENT OF FILING OF NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 and Judge Mae A. D'Agostino's Individual Rules and Practices, Defendant GE Vernova Inc. ("GE Vernova") hereby submits this statement following the Notice of Removal from New York State Supreme Court, Saratoga County, case number EF20242793 ("state court action"). (ECF #1).

1. GE Vernova first received a copy of the "Summons + Complaint"[1] in the state court action on August 31, 2024. GE Vernova did not receive the "Summons + Complaint" through service of process, but rather was sent a copy of the document from an unrelated third-party.

2. Upon information and belief, no proper service has been made upon GE Vernova.

   a. The state court docket includes two purported Affidavits of Service. Neither is good service.

   b. The first affidavit alleges service on the New York State Attorney General on August 30, 3024. (*See* ECF #1-1 at 72.) But while corporations may sometimes be served through the New York Secretary of State, GE Vernova is

[1] There was no formal summons filed in the state court action.

unaware of any provision that permits service of process through the New York State Attorney General. *See generally* N.Y. Bus. Corp. L. §§ 306, 307.

c. The second affidavit alleges that documents were "affi[xed] to door" and mailed to GE Vernova's CEO on August 31, 2024. (*See* ECF #1-1 at 73.) But, even if the process server performed these alleged acts, this kind of service is only proper if personal service "cannot be made with due diligence." *See* C.P.L.R. § 308. Here, there is no evidence of due diligence, such as failed attempts at personal service.

3. This matter was removed on September 30, 2024. September 30, 2024 is the 31st day after the filing of the "Summons + Complaint." Even if GE Vernova was served that day (and it was not), GE Vernova's filing would be timely because the 30th day fell on a Sunday, and GE Vernova removed this action on the next business day, a Monday. *See* Fed. R. Civ. P. 6(a)(1)(c); *Elliot-Leach v. New York City Dep't of Educ.*, 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016) (Rule 6(a)(1) extends the time to remove when the 30th day falls on a weekend), *aff'd*, 710 F. App'x 449 (2d Cir. 2017). September 30, 2024 was also the 30th day after GE Vernova received a copy of the "Summons + Complaint" from an unrelated third-party (which, per the above, occurred on August 31, 2024). Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4. The removal was filed within thirty (30) days after the defendant first received a copy of the summons and complaint in the state court action.

5. There are no other defendants named in this action. Thus, there are no defendants who failed to consent to removal.

Dated: New York, New York
October 7, 2024

SEYFARTH SHAW LLP

By: */s/ Jacob Oslick*

Jacob Oslick
joslick@seyfarth.com
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

*Attorneys for Defendant GE Vernova*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2024, a true and correct copy of STATEMENT FOLLOWING REMOVAL, was electronically filed with the Clerk of the District Court and served upon pro se Plaintiff at the following address of record via FedEx and U.S. Postal Service:

**Via FedEx**
Elizabeth Pratico
Severn Street #101
Saratoga Springs, New York 12866

**Via U.S. Mail**
Elizabeth Pratico
P.O. Box 293
Victory, New York 12884

*<u>/s/ Jacob Oslick</u>*
Jacob Oslick



314057572v.2
14728655v.1