**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

joslick@seyfarth.com
T (212) 218-6480

www.seyfarth.com

October 7, 2024

**VIA ECF**
Hon. Mae A. D'Agostino, U.S.D.J.
U.S. District Court, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, New York 12207

**Re: Elizabeth Pratico v. GE Vernova, 24-cv-01204-MAD-DJS**

Dear Judge D'Agostino:

We represent Defendant GE Vernova Inc. ("GE Vernova"). According to Your Honor's Individual Rules and Practices, we submit this letter requesting a pre-motion conference in connection with our anticipated motion to dismiss Plaintiff Elizabeth Pratico's *pro se* Complaint.

**Background**[1]

Plaintiff alleges that she is a former employee of GE Vernova. She alleges that, over her 31 year career, she complained "several times" about "fraudulent activity." (Compl. ¶ 3.) On August 9, 2022, GE Vernova terminated her employment. (*Id.* at ¶ 6.) Almost two years later, on August 3, 2024, Plaintiff alleges that an unspecified former colleague informed her that a "HR representative" was "forbidding" Plaintiff's rehire or retention as a contractor. (*Id.* ¶ 9.)

Based on these events, Plaintiff appears to assert two whistleblowing retaliation claims under the Sarbanes-Oxley Act ("SOX"): wrongful termination, and a failure to rehire/retain.

---

[1] Solely for purposes of the intended motion to dismiss, this letter accepts Plaintiff's well-pled factual allegations as true.

**Argument**

Plaintiff’s *pro se* Complaint must be dismissed, with prejudice, for three reasons.

***First***, Plaintiff failed to exhaust her SOX administrative remedies, because she does not allege that she first “fil[ed] a complaint with the Secretary of Labor.” 18 U.S.C. § 1514A(b)(1). Her Complaint must be dismissed for this reason alone. *See Daly v. Citigroup Inc.*, 939 F.3d 415, 418 (2d Cir. 2019)[2] (SOX claim was “properly dismissed” based on non-exhaustion).

***Second***, Plaintiff’s SOX wrongful termination claim is time-barred. Under SOX, Plaintiff needed to invoke her administrative remedies within 180 days of the alleged violation or her knowledge of it. *See* 18 U.S.C. § 1514A(b)(2)(D). Plaintiff’s termination occurred on August 9, 2022. (Compl. ¶ 6.) But she waited until August 2024, two years *after* her termination, to bring suit. This time-barred claim must be dismissed.

***Third***, Plaintiff’s conclusory allegations of SOX whistleblowing retaliation do not state a plausible claim. Regarding her wrongful termination claim, Plaintiff merely alleges that, “several times,” over her “31-year career,” she raised concerns about unspecified “fraudulent activity.” (Compl. ¶ 3.) Plaintiff provides no details regarding what conduct she reported, when she reported it, who she reported it to, or why she believes that her reports had anything to do with her termination. Thus, Plaintiff fails to allege facts sufficient to show that it was “objectively reasonable” for her to “believe that the activity [s]he reported constituted a violation of the laws” covered by SOX. *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 (2d Cir. 2014). Further, the mere fact that Plaintiff may have raised “several” unspecified complaints to

---

[2] It is unclear if a motion to dismiss a SOX claim based on non-exhaustion should be assessed under Rule 12(b)(1), for lack of subject matter jurisdiction, or under Rule 12(b)(6), for failure to state a claim. *See Daly*, 939 F.3d at 420. Thus, GE Vernova intends to move under both rules.

unknown persons over the span of 31 years says absolutely nothing about whether "the protected activity was a contributing factor" in the termination of her employment at the end of that 31-year career. 29 C.F.R. § 1980.104(e)(2)(iv); *Jeanty v. Newburgh Beacon Bus Corp.*, 2018 WL 6047832, at *11 (S.D.N.Y. 2018) ("the logical fallacy of *post hoc ergo propter hoc*" did not suffice to plead a plausible retaliation claim).

As for the failure to rehire/retain claim, if anything, this claim is even more bare bones. Plaintiff merely proffers that an unknown "HR representative" had "forbid[]" her rehiring or retention as a contractor. (Compl. ¶ 9.) But, even accepting this allegation as true, the unknown HR representative could have "forbid" Plaintiff's rehiring or retention for dozens of reasons such as, potentially, Plaintiff's performance while employed. *See Zucker v. Five Towns Coll.*, 2010 WL 3310698, at *2 (E.D.N.Y. 2010) (employer "could have had dozens of possible reasons for terminating" plaintiff; thus, "without actual facts suggesting discriminatory animus, age discrimination is just one 'possibility' for" termination). Absent "factual allegations stating more than a sheer possibility" of retaliation, Plaintiff does not state a claim. *Davis v. Cnty. of Suffolk*, 2020 WL 7699919, at *9 (E.D.N.Y. 2020) (internal citations and quotations omitted), *R&R adopted at* 2020 WL 7041082 (E.D.N.Y. 2020). Moreover, two years is far too long a period to support a retaliatory inference via temporal proximity. *See Sosa v. New York City Dep't of Educ.*, 2020 WL 1536348, at *6 (E.D.N.Y. 2020).

Therefore, Defendants respectfully request a pre-motion conference in order to move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Jacob Oslick*

Jacob Oslick

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, a true and correct copy of THE FOREGOING PRE-MOTION LETTER, was electronically filed with the Clerk of the District Court and served upon pro se Plaintiff at the following address of record via FedEx and U.S. Postal Service:

**Via FedEx**
Elizabeth Pratico
Severn Street #101
Saratoga Springs, New York 12866

**Via U.S. Mail**
Elizabeth Pratico
P.O. Box 293
Victory, New York 12884

*/s/ Jacob Oslick*
Jacob Oslick