**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ELIZABETH PRATICO,**

                                        **Plaintiff,**

          **vs.**                                                **1:24-CV-01204**
                                                                 **(MAD/DJS)**
**GE VERNOVA,**

                                        **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**ELIZABETH PRATICO**
P.O. Box 293
Victory, New York 12884
Plaintiff, _Pro se_

**SEYFARTH SHAW LLP**                      **JACOB F. OSLICK, ESQ.**
620 8th Avenue
New York, New York 10018
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Elizabeth Pratico commenced this action on August 30, 2024, by filing a

complaint in the Supreme Court of the State of New York, Saratoga County. _See_ Dkt. No. 3.

Plaintiff alleges that Defendant GE Vernova retaliated against her in violation of the Sarbanes-

Oxley Act of 2002 ("SOX") by wrongfully terminating and failing to rehire her, due to her

purported whistleblower activity. _See id._ On September 30, 2024, Defendant filed a notice of

removal to the Northern District of New York. _See_ Dkt. No. 1. The Court promptly mailed

Plaintiff a Pro Se Notice that, among other things, advised Plaintiff of the consequences of failing

1

to respond to a motion by an opposing party pursuant to the Local Rules. *See* Dkt. No. 5 at 2. Presently before the Court is a motion to dismiss filed by Defendant. *See* Dkt. No. 18. For the reasons herein, Defendant's motion is granted.

## II. BACKGROUND

**A.    Procedural Background**

On October 7, 2024, Defendant filed a pre-motion letter, in accordance with the Court's Individual Rule 2(A), requesting permission to file a motion to dismiss. *See* Dkt. No. 8. Defendant's pre-motion letter set forth the anticipated grounds upon which it would seek dismissal. *See id.* On November 5, 2024, the Court held a pre-motion conference. Plaintiff requested, and the Court granted, a sixty-day extension for Plaintiff to find counsel before Defendant's motion to dismiss was filed. *See* Text Minute Entry, dated November 5, 2024. On March 14, 2025, the Court granted Plaintiff an additional extension to obtain counsel and set April 4, 2025, as Defendant's deadline to file its motion to dismiss. *See* Dkt. No. 17. The Court reminded Plaintiff that if she was unable to obtain counsel, she would be responsible for responding to Defendant's motion *pro se*. *See id.*

On April 4, 2025, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 18. Although Plaintiff has repeatedly informed this Court of her attempts to acquire counsel, *see* Dkt. Nos. 14, 15, 20, 21, Plaintiff remains *pro se*. On April 25, 2025, after having received approximately four months of extensions to find counsel, Plaintiff requested an extension to the deadline to respond to Defendant's motion to dismiss. *See* Dkt. No. 21. On May 1, 2025, the Court granted this additional extension and reminded Plaintiff that failure to respond by the extended deadline of May 30, 2025, would require the Court to consider Defendant's motion unopposed. *See* Dkt. No.

2

22.  Plaintiff failed to oppose Defendant's motion and filed a motion for a "continuance" on June

2, 2025.  *See* Dkt. No. 23.  The Court denied Plaintiff's request on June 3, 2025, *see* Dkt. No. 24,

and notified Plaintiff that, because she failed to respond to the motion to dismiss by the extended

deadline, Defendant's motion remained unopposed.  *See id.*

**B.    Factual Background**

Plaintiff was employed by Defendant for thirty-one years.  *See* Dkt. No. 1-1 at ¶ 3.  Over

the course of her employment with Defendant, Plaintiff alleges that she raised several "integrity

concerns" with respect to purported "fraudulent activity" by Defendant.  *Id.*  On August 9, 2022,

Plaintiff was terminated from her position.  *See id.* at ¶ 6.  On August 3, 2024, Plaintiff alleges

she learned from a colleague that Defendant had forbidden Plaintiff from becoming a rehired

employee.  *See id.* at ¶ 9.  Plaintiff alleges that Plaintiff's reports to her supervisors constituted

whistleblower activity that is protected under SOX.  *See id.* at ¶¶ 4-10.

### III. DISCUSSION

**A.    Standard of Review**

"'A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6)

must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a

decision on the merits and, therefore, an exercise of jurisdiction.'"  *Dutrow v. N.Y.S. Gaming*

*Comm'n*, No. 13-CV-996, 2014 WL 11370355, *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed.

Appx. 56 (2d Cir. 2015) (quoting *Magee v. Naussau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158

(E.D.N.Y. 1998)).  When a defendant files a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1), the plaintiff "bear[s] the burden of 'showing by a preponderance of the

evidence that subject matter jurisdiction exists.'"  *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir.

2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)).  To meet this burden,

"jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted).

The Court recognizes that "[a]llegations raised in a *pro se* complaint are held 'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Capuano v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 9:23-CV-1556, 2025 WL 890489, *2 (N.D.N.Y. Mar. 24, 2025) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Despite this liberal construction, "'jurisdictional requirements are not relaxed based on a litigant's *pro se* status.'" *Alijaj v. Wells Fargo*, No. 17-CV-1887, 2022 WL 392864, *4 (S.D.N.Y. Feb. 9, 2022) (quoting *Escoffier v. MFY Legal Servs.*, No. 13 Civ. 80898, 2015 WL 221048, *1 (S.D.N.Y. Jan. 15, 2015)).

## B.    Plaintiff's Failure to Exhaust Administrative Remedies

To exhaust one's administrative remedies before bringing a SOX claim in federal court, one must file a complaint with the Occupational Safety and Health Administration ("OSHA") "not later than 180 days after the date on which the violations occur[red], or after the date on which the employee became aware of the violation." 18 U.S.C. § 1514A(b)(1)(A), (2)(D); *see also Callahan v. HSBC Sec. (USA) Inc.*, 723 F. Supp. 3d 315, 322 (S.D.N.Y. 2024) (explaining that OSHA is responsible for receiving complaints for SOX claims) (citing 29 C.F.R. § 1980.103(b)-(d)). OSHA will then conduct an investigation and produce preliminary findings. *See Rimini v. J.P. Morgan Chase & Co.*, No. 21-CV-7209, 2022 WL 4585651, *4 (S.D.N.Y. Sept. 29, 2022) (citing 29 C.F.R. § 1980.105(a)). After those preliminary findings are issued, the complaining party must "file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings . . . with the Chief Administrative Law Judge, U.S. Department of Labor." 29 C.F.R. § 1980.106(a). If no objections to OSHA's preliminary findings are timely filed, the

preliminary findings "become the final decision of the Secretary, not subject to judicial review." 29 C.F.R. § 1980.106(b). A plaintiff cannot bring their SOX claim to federal court without first objecting to OSHA's findings and thereby "preserv[ing] the plaintiff's option to seek federal court review after the 180 days expire." *Rimini*, 2022 WL 4585651 at *4 (citing *Lebron v. Am. Int'l Grp., Inc.*, No. 09 Civ. 4285, 2009 WL 3364039, *6 (S.D.N.Y. Oct. 19, 2009)).

If the Secretary of Labor issues a final decision within 180 days of the complaint's filing with OSHA, a plaintiff's sole recourse is to "seek[] review . . . within 60 days in the United States Court of Appeals for the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the violation." *Daly*, 939 F.3d at 427 (internal quotation marks omitted). Thus, a complainant may bring their SOX claim to a district court for *de novo* review "[i]f and only if Plaintiff has complied with all appellate deadlines and the Secretary of Labor has still not issued a final decision within 180 days." *Rimini*, 2022 WL 4585651 at *4 (citing 18 U.S.C. § 1514A(b)(1)(B)); *see Alijaj*, 2022 WL 392864 at *5.

Some Circuit Courts interpret SOX's exhaustion requirements as non-jurisdictional. *See Jaludi v. Citigroup & Co.*, 57 F.4th 148, 153 (3d Cir. 2023) ("Because neither the Act's time limit nor its exhaustion requirement clearly states that it is jurisdictional, we proceed to the merits"); *see also Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (dismissing the SOX whistleblower claim for failure to exhaust under Rule 12(b)(6) after noting that "administrative exhaustion requirements in similar statutes . . . are mandatory, though not jurisdictional, and akin to a statute of limitations") (internal quotation marks omitted). However, the Second Circuit has held that a plaintiff's failure to exhaust administrative remedies before bringing a SOX claim in federal court "constitutes a jurisdictional bar to suit." *Daly*, 939 F.3d at 418. Thus, in this Circuit, if a plaintiff fails to meet the exhaustion requirements, a district court

lacks subject matter jurisdiction and must dismiss the complaint pursuant to Rule 12(b)(1).  *See id.* at 428.

Plaintiff's *pro se* status affords her a lenient reading of her submissions to this Court.  *See Parolise v. Portfolio Recovery Assocs., LLC*, No. 1:24-CV-1382, 2024 WL 4307813, *1 (S.D.N.Y. Sept. 26, 2024) ("Submissions filed by *pro se* litigants are liberally construed and interpreted 'to raise the strongest arguments that they suggest'") (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  However, an indication that Plaintiff has exhausted her administrative remedies is not even vaguely suggested in Plaintiff's complaint or attached affidavits.  *See* Dkt. No. 1-1.  In her submissions, Plaintiff makes no mention of OSHA, or a prior complaint to any agency.  *See id.*  Moreover, Plaintiff mentions her delay in taking action prior to filing her complaint in the present matter three times in her attached affidavits, *see* Dkt. No. 1-1 at 22, 23, 26, but nowhere does Plaintiff supplement these explanations of delay with mention of administrative remedies sought in the interim, *see id.*  Even construed liberally, Plaintiff's complaint cannot be read to plead that she has exhausted her administrative remedies. *See Alijaj*, 2022 WL 392864, at *5 (dismissing *pro se* complaint for failure to plead exhaustion of administrative remedies under SOX).  As such, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**C.    Leave to Amend**

"A *pro se* complaint is to be read liberally . . . and the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  On the other hand, "leave to amend is not necessary when it would be futile."  *Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d

Cir. 2013) (citation omitted).  Thus, leave to amend must be denied "where it is clear that no amendments can cure the pleading deficiencies."  *Penird v. Better*, No. 5:19-CV-1146, 2021 WL 3077853, *6 (N.D.N.Y. July 21, 2021) (citing *Harrison v. New York*, 95 F. Supp. 3d 293, 305 (E.D.N.Y. 2015)); *see Vosburgh v. Burnt Hills-Ballston Lake Cent. Sch. Dist.*, No. 1:18-CV-1003, 2019 WL 315054, *11 (N.D.N.Y. Jan. 24, 2019), *aff'd sub nom. McHerron v. Burnt Hills-Ballston Lake Cent. Sch. Dist.*, 778 Fed. Appx. 54 (2d Cir. 2019) ("An amendment of a pleading is considered 'futile' when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure") (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Plaintiff has not requested leave to amend, but in light of Plaintiff's *pro se* status, the Court has considered whether an opportunity to amend would be prudent.  It is unlikely that an opportunity to amend will remedy the deficiencies in Plaintiff's complaint.  However, if Plaintiff believes that she can cure the jurisdictional deficiencies noted by the Court above, she must file a letter with the Court by September 5, 2025, seeking leave to amend her complaint.  Such a letter should include additional facts that would plausibly show:

> (1) that Plaintiff exhausted [her] whistleblower retaliation claim by filing a complaint with OSHA, including when [she] filed the complaint, (2) that OSHA had 180 days to adjudicate [her] claim . . . and the outcome of any adjudication and (3) that Plaintiff believes a violation of one of the antifraud or securities laws listed in Sarbanes-Oxley occurred and the basis for that belief, including which provision was violated, by whom, when and how it was violated.

*Rinaldi v. NICE, Ltd.*, No. 19-CV-424, 2021 WL 4295263, *4 (S.D.N.Y. Sept. 21, 2021) (citing 18 U.S.C. § 1514A(b)(1)(B)).

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and the Court further

**ORDERS** that Plaintiff must seek leave to replead by September 5, 2025; and the Court further

**ORDERS** that if Plaintiff fails to seek leave to replead by September 5, 2025, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge